UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-20112-CIV-COOKE/GOODMAN

ANGELA LOPEZ,

    Plaintiff,

v.

SCOTTSDALE INSURANCE CO.,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR ENTITLEMENT TO FEES AND COSTS

In this breach of contract case, Plaintiff Angela Lopez filed a Motion for Entitlement to Fees and Costs [ECF No. 16] after Defendant Scottsdale Insurance Company fully paid an appraisal award [ECF No. 13-3]. Defendant filed a response. [ECF No. 20]. Plaintiff elected to not file a reply.

United States District Judge Marcia G. Cooke referred the motion to the Undersigned for a Report and Recommendations. [ECF No. 8].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for entitlement to fees and costs.

I.  Background

Plaintiff originally brought this action in state court against Defendant, her insurance company, alleging it failed to fully cover losses she suffered due to property damage caused by Hurricane Irma. [ECF No. 1]. After the action was removed to federal court, Defendant filed a motion to dismiss [ECF No. 3] and Plaintiff filed an amended complaint [ECF No. 5].

Defendant also filed a motion to stay the proceedings pending appraisal [ECF No. 4], which the District Court granted, denying all pending motions as moot [ECF No. 12]. A little more than half a year later, Defendant filed a motion to dismiss, alleging the appraisal was complete and that it had paid Plaintiff in full. [ECF No. 13]. Plaintiff did not respond to Defendant's motion, and the District Court entered an Order requiring Plaintiff to show good cause for her failure to file a timely response. [ECF No. 14]. Plaintiff filed a notice containing her explanation for the failure. [ECF No. 15].

Plaintiff then, more than two months after Defendant filed its motion to dismiss, filed both a response to Defendant's motion to dismiss [ECF No. 18] and her own motion for entitlement to fees and costs [ECF No. 16]. Defendant replied to Plaintiff's response to its motion to dismiss [ECF No. 19] and responded to Plaintiff's motion for entitlement to fees and costs [ECF No. 20]. Plaintiff elected not to file a reply.

II.   **Legal Standard**

In diversity cases, a party's right to attorneys' fees is determined by state law. *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008). In the context of insurance disputes, Florida law provides that when an insured prevails against a surplus line insurer, the insured is entitled to "a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the lawsuit for which recovery is awarded." Fla. Stat. § 626.9373(1).

When an insurance company "pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling the insured to attorney's fees." *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684-85 (Fla. 2000).[1] Thus, an insured may seek attorneys' fees even before the Court explicitly enters a favorable judgment. *See Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 05-14362, 2012 WL 6217497, at *2, n.3 (S.D. Fla. Dec. 14, 2012) ("Florida law also allows an award of

---

[1]   Although *Ivey's* analysis was based on § 617.428(1), Florida Statutes, the statute is nearly identical to § 626.9373(1), Florida Statutes, both in wording and in application, and there is no functional difference other than the type of case in which the statutes apply. *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-CV-22774, 2016 WL 5795122, at *2 (S.D. Fla. Sept. 12, 2016). ("Because they are virtually the same, whether the fees are predicated upon Florida Statute § 626.9373 or § 627.428 is a distinction without a difference. These two fee-shifting statutes are applied using the same analytical framework and require an award of fees to the prevailing insured in coverage matters. Courts in this District have applied the two attorney's fees provisions as 'nearly identical.'").

attorney's fees, even if there is no entry of final judgment or confirmation, when the insurer makes a payment after a lawsuit was filed because the payment operates as a confession of judgment.").

### III.   Analysis

Plaintiff filed her lawsuit in late 2019, alleging Defendant failed to fully compensate her for the damages caused to her property in 2017 by Hurricane Irma. [ECF No. 1-2]. The Complaint alleges that, after receiving partial payment from Defendant, Plaintiff made subsequent requests for full payment before filing the lawsuit but was rebuked by Defendant. *Id.* Thus, Plaintiff was forced to file the lawsuit to obtain complete payment for the damage to her property. *Id.*

Soon after the lawsuit was filed, Defendant invoked the policy's appraisal provision, and the case was stayed. [ECF No. 12]. On January 27, 2021, after the appraisal was completed, Defendant tendered the remaining, additional payment to Plaintiff, fully compensating her for the damage to her property. [ECF No. 13-3].

Based on this factual background, Plaintiff claims that Defendant's payment of the appraisal award entitles her to attorneys' fees and costs under § 626.9373. [ECF No. 16]. Defendant agrees and states that "[it] does not oppose Plaintiff's entitlement to reasonable attorneys' fees and costs in this action." [ECF No. 20].

Although Defendant does not oppose *entitlement*, it claims that Plaintiff has failed to comply with the Local Rules and requests that any Court Order also require Plaintiff

4

to disclose to Defendant all information required under the Local Rules within thirty days.

Local Rule 7.3 governs the award of attorneys' fees and costs. *See* S.D. Fla. Local Rule 7.3. Among other things, it requires motions for attorneys' fees and costs to "be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim." S.D. Fla. Local Rule 7.3(a)(1). The Local Rule then lists the requirements for the contents of the filed motion. S.D. Fla. Local Rule 7.3(a)(2)-(8).

The Undersigned agrees with Defendant's assessment that Plaintiff's motion fails to comport with Local Rule 7.3's mandatory requirements. Defendant's payment of the appraisal award was made on January 27, 2021. This is the date that operates as Defendant's confession of judgment. *See Losicco v. Aetna Cas. & Sur. Co.*, 588 So. 2d 681, 682 (Fla. 3rd DCA 1991) ("[P]ayment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured."). Plaintiff did not file her motion until April 16, 2021 -- seventy-nine (79) days after payment was made.[2]

---

[2]  Neither party advances the argument that a Final Judgment from the Court is a *necessary* pre-requisite for an award of attorneys' fees under § 626.9373(1), Florida Statutes. Nor does Florida law require court action before entitlement. *See Sands on the Ocean Condo. Ass'n, Inc.*, 2012 WL 6217497, at *2, n.3. Thus, the operative date "giving rise to the claim," based on the parties' implicit concession, is the date Defendant paid Plaintiff the appraisal award.

This view is bolstered by the fact that Plaintiff has not sought entry of a Final Judgment in her favor in the ten months since Defendant paid the appraisal award.

Moreover, Plaintiff's motion contains none of the evidentiary or factual details the Local Rules require for motions for attorneys' fees and costs. With only the current pleadings to review, the Undersigned does not know how much Plaintiff is requesting, the types of costs Plaintiff is seeking to tax, the time period for which Plaintiff is requesting fees, or any other information regarding the specifics for Plaintiff's monetary request.

This lack of information is made all the more puzzling because the deficiency was noted by Defendant in its response, yet Plaintiff chose to not file a reply and address any of these issues.

Nonetheless, despite Plaintiff's failure to follow the Local Rules, Defendant does not oppose Plaintiff's entitlement to attorneys' fees and costs. But Defendant requests that the Court "enter an order holding that Plaintiff is entitled to attorneys' fees and costs related solely to this action (but not the appraisal) through the date Plaintiff filed her Motion for Entitlement," require Plaintiff to provide Defendant with the information required under the Local Rules, and, if Plaintiff seeks a contingency risk multiplier, to then provide Defendant with proof justifying the application. [ECF No. 20]. Defendant requests Plaintiff be ordered to comply with these requirements within thirty (30) days. *Id.*

Because of Defendant's concession as to entitlement, the Undersigned will excuse Plaintiff's noncompliance with the Local Rules. *Fluor Intercontinental, Inc. v. IAP*

*Worldwide Servs., Inc.*, 533 F. App'x 912, 922 n.35 (11th Cir. 2013) (observing that a district court has discretion to waive or excuse noncompliance with its local rules).

Although Plaintiff may not have complied with the Local Rules, the merits of her request support entitlement to attorneys' fees and costs. The situation before the Court falls squarely in line with Florida law allowing a plaintiff to recover attorneys' fees and costs against a surplus line insurer when payment is made after the lawsuit was filed. *See, e.g., Pepper's Steel & Alloys, Inc. v. United States*, 850 So.2d 462, 465 (Fla. 2003); *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So.2d 217, 218 (Fla. 1983); *Lewis v. Universal Property & Cas. Ins. Co.*, 13 So. 3d 1079, 1082-83 (Fla. 4th DCA 2009). Thus, Plaintiff is entitled to recover her reasonable attorneys' fees and costs.

### IV. Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for entitlement to fees and costs.

The Undersigned also **respectfully recommends** that the District Court **Order** Plaintiff to submit a fee and cost motion in compliance with the Local Rules within thirty (30) days of any Order granting Plaintiff's request for entitlement to fees and costs.

### V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Marcia G. Cooke. Each party may file a response to the other

party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on November 17, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record