UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-20112-CIV-COOKE/GOODMAN

ANGELA LOPEZ,

      Plaintiff,

v.

SCOTTSDALE INSURANCE CO.,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
## MOTION FOR FEES AND COSTS

In this breach of contract case, Plaintiff Angela Lopez filed a Motion for Attorney's Fees and Costs, seeking $30,933.75. [ECF No. 25] Defendant Scottsdale Insurance Company filed a response. [ECF No. 26]. Plaintiff filed a reply, which included only her affidavit and a copy of the retainer agreement between her and her counsel. [ECF No. 27].

United States District Judge Marcia G. Cooke referred the motion to the Undersigned for a Report and Recommendations. [ECF No. 8].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant in part** Plaintiff's Motion for Attorney's Fees and Costs.

## I.    Background

Plaintiff originally brought this action in state court against Defendant, her insurance company, alleging it failed to fully cover losses she suffered due to property damage caused by Hurricane Irma. [ECF No. 1]. After the action was removed to federal court, Defendant filed a motion to dismiss [ECF No. 3] and Plaintiff filed an amended complaint [ECF No. 5].

Defendant also filed a motion to stay the proceedings pending appraisal [ECF No. 4], which the District Court granted, denying all pending motions as moot [ECF No. 12]. A little more than half a year later, Defendant filed a motion to dismiss, alleging the appraisal was complete and that it had paid Plaintiff in full. [ECF No. 13]. Plaintiff did not respond to Defendant's motion, and the District Court entered an Order requiring Plaintiff to show good cause for her failure to file a timely response. [ECF No. 14]. Plaintiff filed a notice containing her explanation for the failure. [ECF No. 15].

Plaintiff then, more than two months after Defendant filed its motion to dismiss, filed both a response to Defendant's motion to dismiss [ECF No. 18] and her own motion for entitlement to fees and costs [ECF No. 16]. Defendant replied to Plaintiff's response to its motion to dismiss [ECF No. 19] and responded to Plaintiff's motion for entitlement to fees and costs [ECF No. 20]. Plaintiff elected not to file a reply.

Plaintiff's motion was referred to the Undersigned and I issued a Report and Recommendations, noting the procedural deficiencies in Plaintiff's motion, but

recommending that it be granted due to Defendant's concession on the issue of entitlement. [ECF No. 22]. The District Court adopted the Report and Recommendations and required Plaintiff to submit "a fee and cost motion in compliance with the Local Rules within thirty days of the date of this Order." [ECF No. 24].

Plaintiff filed a motion, including counsel's timesheets and invoices as attachments. [ECF No. 25]. Defendant filed its response, arguing for wholesale denial or, in the alternative, for substantial cuts to Plaintiff's counsel's hourly rates and hours billed. [ECF No. 26]. And Plaintiff filed a reply attaching the retainer agreement and her affidavit verifying the initial attorney fee motion. [ECF No. 27].

## II.    Legal Standard

In diversity cases, a party's right to attorneys' fees is determined by state law. *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008). In the context of insurance disputes, Florida law provides that when an insured prevails against a surplus line insurer, the insured is entitled to "a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the lawsuit for which recovery is awarded." Fla. Stat. § 626.9373(1).

When an insurance company "pays policy proceeds after suit has been filed but before judgment has been rendered, the payment of the claim constitutes the functional equivalent of a confession of judgment or verdict in favor of the insured, thereby entitling

the insured to attorney's fees." *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684-85 (Fla. 2000).[1]

Thus, an insured may seek attorneys' fees even before the Court explicitly enters a

favorable judgment. *See Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 05-14362,

2012 WL 6217497, at *2, n.3 (S.D. Fla. Dec. 14, 2012) ("Florida law also allows an award of

attorney's fees, even if there is no entry of final judgment or confirmation, when the

insurer makes a payment after a lawsuit was filed because the payment operates as a

confession of judgment.").

A reasonable attorney fee is calculated by multiplying the number of hours

reasonably expended by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433,

103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A "reasonable hourly rate" is "the prevailing market

rate in the relevant legal community for similar services by lawyers of reasonably

comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*,

836 F.2d 1292, 1299 (11th Cir. 1988). The burden is on the fee applicant "to produce

---

[1]     Although *Ivey's* analysis was based on § 617.428(1), Florida Statutes, the statute is nearly identical to § 626.9373(1), Florida Statutes, both in wording and in application, and there is no functional difference other than the type of case in which the statutes apply. *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-CV-22774, 2016 WL 5795122, at *2 (S.D. Fla. Sept. 12, 2016). ("Because they are virtually the same, whether the fees are predicated upon Florida Statute § 626.9373 or § 627.428 is a distinction without a difference. These two fee-shifting statutes are applied using the same analytical framework and require an award of fees to the prevailing insured in coverage matters. Courts in this District have applied the two attorney's fees provisions as 'nearly identical.'").

satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

"A court . . . is itself an expert on the question [of the hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 835 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Once the appropriate hourly rate is determined, a court must then determine the reasonableness of the hours expended in the litigation. *Hensley*, 461 U.S. at 433 (1983). Inquiry into the reasonable number of hours focuses on the attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks and emphasis omitted).

## III.    Analysis

### a.  Attorney Fees

The Court has already ruled that Plaintiff is entitled to attorney's fees and costs. [ECF No. 24]. As part of its ruling on the issue of entitlement, the Court required Plaintiff to file a motion in compliance with the Local Rules. *Id.* Plaintiff failed to follow this directive. [ECF No. 25].

As Defendant notes in its response, Plaintiff's motion for attorney's fees is unverified and fails to "disclose the terms of any applicable fee agreement." [ECF No. 26 (citing Local Rule 7.3(a))]. Plaintiff implicitly acknowledged this failure by filing a Reply which contains no argument and, instead, merely attaches the retainer agreement and an affidavit verifying the contents of the initial motion. [ECF No. 28].

This is concerning for multiple reasons. First, this is not Plaintiff's first failure to comply with the Local Rules. In the Undersigned's earlier Report and Recommendations, it was noted that "Plaintiff's motion fail[ed] to comport with Local Rule 7.3's mandatory requirements." [ECF No. 22]. Second, Plaintiff was specifically ordered by the Court to file a Local Rule-compliant motion. [ECF No. 24]. Finally, the signatory attorney is seeking a $1,200.00 an hour fee based exclusively on his extensive experience in both state and *federal* court. [ECF No. 25 ("[Mario Serralta] has been practicing law in Florida in the Civil Court at the State and Federal level since 1999.")].

Defendant asks this Court to **deny** Plaintiff's motion based on this failure. Indeed, it is well within the Court's discretion to deny a motion based solely on the movant's failure to comply with the Local Rules. *See, e.g., Norych v. Admiral Ins. Co.*, No. 08-60330-CIV, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion for attorney's fees "because [movant] failed to comply with Local Rules 7.3(a)(1) and 7.3(b)"); *see also J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) ("Because the district court held that [the plaintiff] failed to comply with Local Rule 7.3, which

constituted an independently sufficient basis to deny [the plaintiff's] motions, we affirm."); *Irish v. Reynolds*, No. 13-CIV-10063, 2018 WL 1863765, at *3 (S.D. Fla. Jan. 9, 2018), report and recommendation adopted sub nom. *Irish v. Hyde*, No. 13-CV-10063, 2018 WL 1863747 (S.D. Fla. Feb. 9, 2018) ("Here, the most important reason why [the] [p]laintiffs' motion should be denied is because [the] [p]laintiffs failed to comply with Local Rule 7.3.").

Wholesale denial, however -- despite the repeated failures -- is too harsh of a remedy in this circumstance. Plaintiff attached the required documents in her Reply and the documents' absence from the initial motion did not cause Defendant any prejudice or impact its ability to meaningfully respond. Thus, the Undersigned will turn to the merits of the parties' positions.

### i.  Compensable Timekeepers

Plaintiff lists four timekeepers in her motion: (1) Mario Serralta, an attorney with more than twenty years of experience; (2) Kevin Diaz, an attorney with less than three years of experience; (3) Luis Hernandez, a non-lawyer "Director of Pre-Litigation"; and (4) Noemi Lopez, a legal assistant. Plaintiff also provides a short description of each timekeeper's role in the case.

Defendant argues that Plaintiff's request for fees associated with non-legal professionals should be denied. [ECF No. 26]. Defendant targets the work performed by Luis Hernandez, which it refers to as work performed by an insurance adjuster that is

unrelated to the prosecution of the lawsuit. Plaintiff offers no response to these arguments.

The Undersigned agrees with Defendant on both issues. First, attorney fees cannot be awarded for non-legal work or for work not traditionally done by an attorney. *See Munoz v. Kobi Karp Arch. & Interior*, No. 09-21273, 2010 WL 2243795, at *6 (S.D. Fla. May 13, 2010) (explaining that plaintiff's counsel is not entitled to attorney's fees for work on clerical tasks or non-legal work); *In re Saf T Lok, Inc. Sec. Litig.*, No. 02-80252-CIV, 2005 WL 8156138, at *6 (S.D. Fla. June 29, 2005) (rejecting fee request for non-legal work such as "conducting Internet searches, conferring with fellow investigators, writing e-mails, making telephone calls, and interviewing former shareholders . . . performed by paralegals, law clerks, investigators and other non-attorney personnel").

Second, Plaintiff may not recover for pre-litigation work unless made necessary by an insurer's unreasonable conduct. *See* Fla. Stat. § 626.9373 (the court shall award fees incurred "prosecuting the lawsuit for which recovery is awarded"); *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-CV-2343-EAK-JSS, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018) ("[A]ttorneys' fees for pre-suit legal work are not recoverable under § 627.428 and/or § 626.9373 unless the pre-suit work was necessitated by an insurer's unreasonable conduct.") (collecting cases). Here Plaintiff has offered no evidence of Defendant's unreasonable conduct nor any legal authority supporting a proposition that a non-attorney, insurance adjuster's fees are recoverable as attorney fees.

For these reasons, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's request for $2,520.00 in fees for non-legal, pre-suit work performed by Mr. Hernandez.

ii.   Hourly Rate

The experience and proposed hourly rate for the remaining three timekeepers is summarized as follows: (1) Mario Serralta, an attorney with over twenty years of experience ($1,200.00 an hour); (2) Kevin Diaz, an attorney with less than three years of experience ($450.00 an hour); and (3) Noemi Lopez, a legal assistant with multiple years of experience ($115.00 an hour). [ECF No. 25].

In support of the proposed hourly rates, Plaintiff includes general background about each timekeeper, including how long the timekeeper has operated in the role, the timekeeper's current duties, and the timekeeper's prior experience. Plaintiff does not include any prior rulings or opinions affirming or rejecting the proposed hourly rates. Nor does Plaintiff include affidavits from other attorneys or experts in this area opining on the reasonableness of the proposed hourly rates.

Defendant avers that an extreme reduction is warranted for the hourly rates of all three timekeepers. As is required by the Local Rules, Defendant discloses the hourly rates for its attorneys and paralegals: (1) Robert Rogers, an attorney with only five years less experience than Serralta ($180.00 an hour) and (2) paralegals ($95.00 an hour). [ECF No. 26]. Defendant further notes the simplicity of the litigation, which it refers to as a "garden-

variety first-party breach of insurance policy action in which Plaintiff sought less than $100,000 in damages." *Id.* In Defendant's view, even if Mr. Serralta were handling complex matters for the largest national law firms in Miami, he still wouldn't come close to justifying the hourly rate he seeks in this case. *Id.*

The Undersigned agrees that a substantial reduction is warranted. Plaintiff has failed to present any evidence supporting her counsel's requested hourly rates and, instead, appears to rely exclusively on the fact that these rates were contained in the contingency agreement. Nor has Plaintiff shown that there was anything complex or unusual about this case that justifies a higher hourly rate than might otherwise be expected. Indeed, Defendant's near-immediate appraisal invocation reveals that this case is as straightforward as an insurance case could be.

Accordingly, the Undersigned reduces Mr. Serralta's hourly rate to $400.00 an hour, which is comparable to the hourly rates of other similarly experienced attorneys handling these types of cases. *See, e.g., Jaimes v. GEICO Gen. Ins. Co.*, No. 10-80769-CIV, 2013 WL 12249652, at *3 (S.D. Fla. Jan. 22, 2013), report and recommendation adopted, No. 10-80769-CIV, 2013 WL 12249501 (S.D. Fla. Mar. 27, 2013), aff'd, 537 F. App'x 928 (11th Cir. 2013) (reducing the hourly rate of a board-certified civil trial lawyer with 22 years of litigation experience from $450 to $400); *Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-23329-CIV, 2019 WL 383868, at *5 (S.D. Fla. Jan. 15, 2019), report and recommendation adopted sub nom. *Capitol Specialty Ins. Corp. v. Ortiz by & Through Corona*, No. 17-23329-CIV, 2019

WL 367916 (S.D. Fla. Jan. 30, 2019) (reducing the hourly rate of an attorney with seventeen years of experience from $500.00 to $400.00).

The Undersigned also reduces Mr. Diaz's hourly rate to $250.00 an hour, a rate supported by other rulings in this district. *Brickell E. Condo. Ass'n, Inc. v. Indian Harbor Ins. Co.*, No. 18-24791-CIV, 2020 WL 869725, at *5 (S.D. Fla. Jan. 10, 2020), report and recommendation adopted, No. 18-CV-24791, 2020 WL 9458716 (S.D. Fla. June 16, 2020) (reducing the hourly rate of associates with more than three years' experience from $450.00 an hour to $250.00 an hour). Arguably, this hourly rate may even be on the high end of the spectrum.

Finally, the Undersigned reduces Ms. Lopez's hourly rate to $65.00 an hour, an appropriate amount for a legal assistant with vague experience. *See, e.g., Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010) (reducing a paralegal's hourly rate from $110.00 to $65.00 per hour in an insurance bad faith case); *Garay v. Firm Lending, LLC*, No. 1:21-CV-21449, 2021 WL 3560777, at *1 (S.D. Fla. Aug. 3, 2021) (finding that $65.00 an hour is reasonable for a legal assistant); *Freed By Freed v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2005 WL 8156037, at *6 (S.D. Fla. Aug. 24, 2005) ("[T]he Court considers $75.00 a reasonable hourly rate for the two paralegals"). In making this decision, the Undersigned notes that Plaintiff provided an ambiguous estimation of Ms. Lopez's experience, stating that she has "multiple years of experience." [ECF No. 25]. This is wholly insufficient to justify anything more than the bare minimum rate.

11

iii.  Reasonable Hours

If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," then the court must exercise billing judgment for them. *ACLU*, 168 F.3d at 428. Here, Plaintiff is claiming 13.1 hours for Mr. Serralta, 9.6 hours for Mr. Diaz, and 13.2 hours for Ms. Lopez. [ECF No. 25-3]. These hours are divided into two separate billing sheets addressing either hours spent before filing the Complaint or hours spent after the Complaint was filed. *Id.* Defendant objects to all fees incurred before the case was filed and, in compliance with the Local Rules, provides a detailed list of objections to Plaintiff's individual hourly entries for fees incurred after the case was filed. [ECF No. 26-2].

The Undersigned found Defendant's argument about the inability to recover pre-litigation expenses persuasive in the context of the fees associated with Luis Hernandez. For those same reasons, the Undersigned also finds it persuasive in this context. Notably, although Plaintiff filed a reply, she did not offer any argument in opposition to Defendant's position on this issue. Thus, the Undersigned finds it appropriate to exclude all fees incurred before the Complaint was prepared on November 29, 2019 because Plaintiff has failed to offer any facts or argument in support of a claim that Defendant acted unreasonably during the pre-litigation stage. *See Stavrakis,* 2018 WL 4908104, at *2 ("[A]ttorneys' fees for pre-suit legal work are not recoverable under § 627.428 and/or §

626.9373 unless the pre-suit work was necessitated by an insurer's unreasonable conduct.").

The Undersigned next turns to the time entries for work performed prosecuting the case. In analyzing an attorney's billing records, the Court is permitted to reduce or remove hourly entries that are redundant, excessive, or unnecessary. *Desantis v. Atwood*, No. 20-CV-62004, 2022 WL 787973, at *4 (S.D. Fla. Mar. 2, 2022), report and recommendation adopted sub nom. *DeSantis v. Blackened Dolphin*, No. 20-62004-CIV, 2022 WL 783194 (S.D. Fla. Mar. 15, 2022) (holding that it is in the discretion of the court to reduce or exclude "excessive, redundant, or otherwise unnecessary hours"). The Undersigned finds that Defendant's detailed objections are well taken, and that Plaintiff's billing sheets are replete with entries reflecting a poor exercise of billing judgment.

By way of example, Mr. Serralta, an attorney who has represented "thousands of homeowners" and practiced law at the state and federal level since 1999, spent 0.3 hours reviewing Defendant's Notice of Removal when it was filed in state court and then, that same day, spent an additional 1.1 hours reviewing the same notice filed in federal court with 15 pages of attached standard case initiating documents largely prepared and filed by his firm. [ECF No. 25-3]. This is excessive and unnecessary.

In a similar vein, on December 2, 2019, Ms. Lopez spent 3.5 hours drafting and filing requests for production, deposition notices, interrogatories, and other documents. *Id.* After the documents were prepared, Mr. Serralta then spent 0.6 hours reviewing and

13

revising the documents. *Id.* Then, on that same day, Ms. Lopez spent another 2.3 hours drafting and filing revised amended versions of all the same documents. *Id.* This method of review by Plaintiff's counsel creates numerous redundant billing entries throughout counsel's timesheets.

Thus, the Undersigned **respectfully recommends** that the District Court adjust the hours expended for each of the three timekeepers in a manner consistent with Defendant's objections [ECF No. 26-2]. This results in the following hourly totals: Mr. Serralta (3.7 hours); Mr. Diaz (2.6 hours); and Ms. Lopez (3.9 hours).

iv.   Multiplier

Plaintiff argues that the circumstances surrounding the case justify the imposition of a 1.5 lodestar multiplier. The Florida Supreme Court has set forth factors that a court must examine when determining whether a multiplier is appropriate.

To determine whether a multiplier is appropriate, the Court must examine:

(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990). The *Rowe* Court established the following considerations for determining an appropriate multiplier:

(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly[;] (2) The likelihood, if apparent to the client, that the acceptance of the particular

14

employment will preclude other employment by the lawyer[;] (3) The fee customarily charged in the locality for similar legal services[;] (4) The amount involved and the results obtained[;] (5) The time limitations imposed by the client or by the circumstances[;] (6) The nature and length of the professional relationship with the client[;] (7) The experience, reputation, and ability of the lawyer or lawyers performing the services[; and] (8) Whether the fee is fixed or contingent.

*Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985), holding modified by

*Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990).

"Evidence of these factors must be presented to justify the utilization of a multiplier." *Quanstrom*, 555 So. 2d at 834. Defendant asserts that the Court should decline to award a multiplier because, in its view, "Plaintiff has not presented any evidence in support of her demand for a contingency fee multiplier." [ECF No. 26]. Plaintiff does not offer a response to this argument in her reply and the "evidence" (which might be better defined as mere argument) in her initial motion is limited to the following:

> [Plaintiff] struggled to find proper counsel for her claim for which she was not properly compensated for by her insurance carrier, Scottsdale. Plaintiff is not in any financial capacity to pay an up-front fee for representation from other lawyers. Similar to [*Citizens Prop. Ins. Corp., v. Pulloquinga*, 183 So.3d 1134 (Fla. 3d DCA 2015)], Plaintiff was forced into an all or nothing proposition regarding recovery on her policy and required counsel who would agree to pursue this position.

[ECF No. 25].

The only element that Plaintiff's single paragraph presentation touches on is the eighth *Rowe* factor: whether the fee was fixed or contingent. She compares herself to the plaintiff in *Pulloquinga*, but fails to acknowledge that in that case, the defendant raised

15

"defenses of arson, insurance fraud, material misrepresentation in the insurance application," and challenged the plaintiff's "ownership interest in the home, whether it was actually her homestead and argued that she ran a business out of the home." 183 So.3d at 1136. Further, the complexity of the case precluded the plaintiff's counsel from working on other matters and the

> case involved the total destruction of Pulloquinga's home and personal property, leaving her and her family with nothing, and that there were significant time limitations imposed by Pulloquinga's difficult circumstance of having to keep her mortgage current for over two years, despite not being able to live in the home, while also being relegated to "meager living conditions" during that time.

*Id.*

The *only* commonality between this case and the *Pulloquinga* matter is that both plaintiffs hired their counsel on contingency. Plaintiff has failed to put forward any meaningful evidence justifying the award of a contingency multiplier in this case. Therefore, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's request for a multiplier.

v.   Conclusion

Based on the foregoing, the Undersigned **respectfully recommends** that the District Court award Plaintiff $2,833.50 in attorney's fees for Mr. Serralta's 3.7 hours at $400.00 an hour, Mr. Diaz's 2.6 hours at $250.00 an hour, and Ms. Lopez's 3.9 hours at $65.00 an hour.

**b. Costs**

Plaintiff also seeks costs for three separate invoices: Preparation of a Damages Estimate ($275.00); Filing Fee ($401.00); and Service of Summons ($10). The Court has already ruled that Plaintiff is entitled to costs. [ECF Nos. 22; 24]. Neither party offers any substantive argument on the merits of these specific requests.

A review of Plaintiff's motion and exhibits reveals that she has again failed to comply with the Local Rules. Under the Local Rules, the prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

If a party seeks costs beyond those enumerated in § 1920, she must offer the authority allowing their imposition. Local Rule 7.3(a)(2) (it is the movant's burden to identify the "statute, rule, or other grounds" entitling it to the award). Plaintiff has failed to offer any authority justifying the taxation of costs associated with preparing a damages estimate, so the Undersigned rejects that requested cost.

However, the other two costs -- filing fee and service of summons -- are encompassed by § 1920 and are regularly awarded in this district. *See, e.g., Goodman v. Sperduti Enter., Inc.*, No. 08-62096, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]"); *Lezer Corp. v. Noble Partners, LLC*, No. 20-23235-CIV, 2021 WL 883492, at *1 (S.D. Fla. Feb. 19, 2021), report and recommendation adopted, No. 20-23235-CIV, 2021 WL 880280 (S.D. Fla. Mar. 9, 2021) (awarding service costs not in excess of the $65.00 per hour rate charged by the U.S. Marshal).

Thus, the Undersigned excuses Plaintiff's noncompliance with the Local Rules on this issue, *Fluor Intercontinental, Inc. v. IAP Worldwide Servs., Inc.*, 533 F. App'x 912, 922 n.35 (11th Cir. 2013), and **respectfully recommends** that the District Court award Plaintiff $411.00 in costs ($275 less than the requested amount).

## IV.     Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant in part** Plaintiff's motion for fees and costs and award her $3,244.50 in fees and costs ($27,689.25 less than the requested amount).

## V.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with

United States District Judge Marcia G. Cooke. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on May 26, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

19